UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CHARLES KENNETH WALLACE, SR.** | **CIVIL ACTION NO. 20-1673-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **JOHN BELL EDWARDS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Charles Kenneth Wallace, Sr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on December 21, 2020. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names John Bell Edwards, Jeffery M. Landry, the US Department of Justice, David Wade Correctional Center, John A. Alario, Jr, and Taylor F. Barras as defendants.

Plaintiff claims he was denied the constitutional right to the presumption of innocence guaranteed in the US Constitution. He claims the Louisiana Legislature failed to give due process notice of the definition of murder. He claims actus reus, actor, and human being are not defined in the homicide statutes. He claims the State's burden of proof is eliminated and it can select any meaning for human being.

Plaintiff claims the inclusion of the word offender in the statute prejudices him before the trier(s) of fact as a stereotyped multiple convicted felon before deliberation and verdict.

Plaintiff claims the Louisiana homicide statutes fail to give fair warning by due process of law as to what if anything is/was enacted as unlawful and/or illegal. He claims the Louisiana homicide statutes fails to charge or allege any crime. Plaintiff claims the criminal statutes fail to define human being but defines what is not a "human being" – a fetus. Plaintiff argues that the presumption then is that everything else is a human being.

Plaintiff claims the homicide statutes are not defined as criminal. He claims the homicide statutes are void for vagueness and null by ambiguity. He claims the homicide statutes deny citizens and aliens the presumption of innocence without due process of law.

Plaintiff claims the homicide statutes do not designate the actor because their enactment was originally to prosecute people who were not white for killing whites and to exempt white on white duels. He claims the words whoever, person, and human being are ambiguous and/or vague without specific and explicit meaning in the Louisiana civil and criminal law.

Plaintiff claims he has been held in involuntary servitude and slavery without any underlying valid criminal statute. He claims his court appointed counsel failed to challenge the unconstitutionality of the homicide statute(s). He claims that he has not been allowed to vote for more than 30 years.

Accordingly, Plaintiff seeks a declaratory judgment, attorney and legal fees, court costs, injunctive relief, punitive and general damages, and any other relief to which he is entitled.

## LAW AND ANALYSIS

Plaintiff claims his conviction and sentence are illegal. Plaintiff is seeking monetary damages and injunctive and declaratory relief for an allegedly unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has

not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and injunctive and declaratory relief for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages and injunctive and declaratory relief for his allegedly unconstitutional sentence

be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

**IT IS FURTHER RECOMMENDED** that his motion to appoint special master counsel and his motion for class action [Doc. 1] be **DENIED** as moot.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 23rd day of July 2021.

Page **5** of **5**

Mark L. Hornsby
U.S. Magistrate Judge